# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES BAXTER, | : | |
| Petitioner, | : | Civil Action No. 17-1338 (MAS) |
| v. | : | **MEMORANDUM AND ORDER** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | : | |
| Respondents. | : | |

*Pro se* Petitioner James Baxter, a convicted prisoner confined at the Northern State Prison in Newark, New Jersey, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254. At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, to determine if the Petition should be dismissed because Petitioner is not entitled to relief.

This Court, however, has no jurisdiction over the Petition. Title 28, Section 2244(b)(2) of the United States Code states that "a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless certain enumerated conditions are met. 28 U.S.C. § 2244 (b)(2). Before a district court can entertain such a petition, however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3); *see also* Rules Governing § 2254 Cases, Rule 9. "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C.

§ 1631." *Brand v. New Jersey*, No. 15-3206, 2015 WL 2353123, at *2 (D.N.J. May 14, 2015) (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).

Here, Plaintiff admits in the Petition that he has previously filed a federal habeas petition, (Pet. 4, ECF No. 1), but does not allege that he has been granted permission by the Third Circuit to file the instant Petition. Indeed, prior to the filing of the instant Petition, this Court has already dismissed another of Petitioner's habeas petition under this very ground. *See Baxter v. New Jersey*, No. 17-0623, ECF No. 4 (D.N.J. entered Feb. 16, 2017). Petitioner contends that his claims are based on newly discovered evidence, but again, this Court is without jurisdiction to adjudicate the Petition regardless whether it asserts meritorious claims—Petitioner must seek permission from the Third Circuit before he may file a successive petition with this Court for any reason.

IT IS therefore on this 30th day of May, 2017,

ORDERED that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED";

ORDERED that the Petition is hereby **DISMISSED** for lack of jurisdiction; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon Petitioner, and shall **CLOSE** the file.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

2